IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CT-3124-FL

| | |
|---|---|
| ROBERT ANDREW BARTLETT, SR., )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>PAULA SMITH, BRAD PERRITT, )<br>LARRY THOMPSON, JAMESE SMITH, )<br>DIEDRE HARRELSON, PATSY CHAVIS, )<br>and NURSE PALMER )<br>)<br>    Defendants. ) | ORDER |

Plaintiff, a state inmate proceeding pro se, filed this action under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA") , 42 U.S.C. §§ 12101, et seq. He also seeks relief under Bumgarner v. North Carolina Department of Correction, No. 5:10-CT-3166-BO (E.D.N.C. Aug. 15, 2013.). The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court is plaintiff's motion for preliminary injunction (DE 8).

**BACKGROUND**

Plaintiff is incarcerated at Tabor Correctional Institution. In September, 2015, defendant Nurse Palmer allegedly refused to treat internal bleeding in plaintiff's leg. Following several weeks of non-treatment, x-rays revealed plaintiff shattered his tibia. Plaintiff eventually underwent surgery on his leg. The delay in plaintiff's treatment was due, in part, to defendant Jamese Smith's retaliation against plaintiff. Smith retaliated against plaintiff "because of [plaintiff's] First Amendment activities." (Compl. (DE 1) 6-7). In addition, prison officials fired plaintiff from his

1

prison job after he suffered this injury, and transferred him to an unsanitary cell where he could not reach the bed. Plaintiff also asserts defendants denied him access to "facilities, programs, and services" as a result of his injury. (Id. at 7). This denial included lack of access to the shower. Plaintiff filed grievances related to these perceived ADA violations. Upon receipt of this grievance, non-defendant Sgt. Jolly verbally abused plaintiff. In December, 2017, prison officials refused to treat irritation in plaintiff's throat. Plaintiff contends this condition caused violent coughing fits and made breathing difficult. Beginning in March 2018, plaintiff alleges that further ADA violations denied him access to the dining hall. Finally, plaintiff mentions in passing various disciplinary convictions he received. However, he does not name the disciplinary hearing officers ("DHO") who imposed these sentences as defendants, nor do his claims for relief indicate that he seeks to pursue any claim related to these disciplinary proceedings.

**COURT'S DISCUSSION**

A.  Frivolity Review

28 U.S.C. § 1915 provides that courts shall review complaints filed by prisoners and dismiss such complaints if they are "frivolous" or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(I)-(ii). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil

2

Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, plausibly demonstrate that plaintiff is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

1. Deliberate Indifference

Plaintiff alleges various Eighth Amendment violations based on the delay in his treatment and his exposure to inhumane conditions of confinement. The Eighth Amendment's prohibition on cruel and unusual punishment requires prison officials to provide humane conditions of confinement. Makdessi v. Fields, 789 F.3d 126, 132 (4th Cir. 2015) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)). A plaintiff alleging deliberate indifference to serious medical needs must establish that a prison official knew of and disregarded an "objectively serious condition, medical need, or risk

of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); see also Farmer, 511 U.S. at 837. To succeed on an Eighth Amendment conditions of confinement claim, an inmate must "show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted).

Because they are not clearly frivolous, plaintiff may proceed with his Eighth Amendment claims.

### 2. Retaliation

Plaintiff contends defendant Smith contributed to the delay in plaintiff's medical treatment as retaliation for plaintiff exercising his First Amendment Rights. To state a retaliation claim, plaintiff must allege: 1) that he engaged in constitutionally protected First Amendment activity, such as filing a lawsuit; 2) the defendant took an action that adversely affected that activity; and 3) there was a causal relationship between the plaintiff's protected activity and the defendant's conduct. Raub v. Campbell, 785 F.3d 876, 885 (4th Cir. 2015); see also Booker v. S.C. Dep't of Corr., 855 F.3d 533, 540 (4th Cir. 2017) (holding First Amendment right to petition the government violated when prison officials retaliate against inmate for filing prison grievances). "[A] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." Constantine v. Recotors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005).

Because it is not clearly frivolous, plaintiff may proceed with his retaliation claim against Smith.

### 3. ADA

Title II of the ADA provides that, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Due to the similar statutory language in the ADA and Rehabilitation Act, the acts generally are construed to impose the same requirements. See, e.g., Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 498 n.17 (4th Cir. 2005); Baird ex rel. Baird v. Rose, 192 F.3d 462, 468 (4th Cir. 1999); Doe v. Univ. of Md. Med. Sys. Corp., 50 F.3d 1261, 1264-65 & n.9 (4th Cir. 1995). Moreover, the acts apply to state prisons. See, e.g., Pennsylvania Dept. of Corr. v. Yeskey, 524 U.S. 206, 210 (1998); Spencer v. Earley, 278 F. App'x 254, 259 (4th Cir. 2008).

A plaintiff seeking recovery for violation of either statute must allege that: (1) he has a disability; (2) he is otherwise qualified for the benefit(s) in question; and (3) he was excluded from participation in or denied the benefits of such service, on the basis of his disability. See, e.g., Constantine, 411 F.3d at 498; Baird, 192 F.3d at 467-70; Doe, 50 F.3d at 1264-65. A physical condition may qualify as a "disability" within the meaning of the ADA and Rehabilitation Act if the condition "substantially limits one or more major life activities." 42 U.S.C. § 12102; 29 U.S.C. § 705(20)(B). A plaintiff must prove (1) that he has a physical or mental impairment; (2) that this impairment implicates at least one major life activity; and (3) that the limitation is substantial. See,

5

e.g., Heiko v. Colombo Sav. Bank, F.S.B., 434 F.3d 249, 254 (4th Cir. 2006).

Because they are not clearly frivolous, plaintiff may proceed with his ADA claims.

4. Bumgarner claims

Finally, plaintiff contends that he is entitled to sentence reduction credits pursuant to Bumgarner. Bumgarner allows an inmate incarcerated within the North Carolina Department of Public Safety, who believes he has been discriminated against due to his disability, the opportunity to submit a request to be reviewed for potential eligibility for retroactive sentence credits. See McDuffie v. N. Carolina Dep't of Pub. Safety, No. 5:15-CT-3296-FL, 2017 WL 4322817, at *2-3 (E.D.N.C. Sept. 28, 2017) (outlining Bumgarner's procedural history). Because it is not clearly frivolous, plaintiff may proceed with his Bumgarner claim.

5. Medical Malpractice

In addition to his Eighth Amendment claim, plaintiff also alleges a state law medical malpractice claim based on the delay in and/or denial of medical treatment he received. (See Compl. (DE 1) 10). A plaintiff alleging medical malpractice must comply with North Carolina Rule of Civil Procedure 9(j). Rule 9(j) applies to claims of medical malpractice against health care providers, as defined in North Carolina General Statute § 90-21.11(1). Rule 9(j) requires, in part, that a complaint include assertions from an individual, who has reviewed all relevant medical records and who will be expected to testify at trial as an expert, that the medical care provided to the plaintiff fell below the applicable standard of care. The North Carolina General Assembly enacted Rule 9(j) "in part, to protect defendants from having to defend frivolous medical malpractice actions by ensuring that before a complaint for medical malpractice is filed, a competent medical professional has reviewed the conduct of the defendants and concluded that the conduct did not meet the applicable standard

6

of care." Estate of Waters v. Jarman, 144 N.C. App. 98, 100, 547 S.E.2d 142, 144 (2001) (quotation omitted). Failure to comply with Rule 9(j) is a ground for dismissal of a state medical-malpractice claim filed in federal court. See, e.g., Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004).

Rule 9(j) provides one narrow exception to its medical certification requirement: a litigant is excused from Rule 9(j)'s pre-filing certification requirement if negligence may be established under the doctrine of *res ipsa loquitur*. See N.C. R. Civ. P. 9(j)(3). This doctrine applies "only when the occurrence clearly speaks for itself." Diehl v. Koffer, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000) (quotation and emphases omitted).

Here, plaintiff has not complied with Rule 9(j), and plaintiff's allegations are insufficient to state a claim of *res ipsa loquitur*. Accordingly, plaintiff's medical malpractice claim is DISMISSED without prejudice.

6. Verbal Abuse

Plaintiff contends Jolly verbally abused him. Jolly is not named as a defendant in this action. Even if he were, mere words alone, however offensive, do not amount to an assault or state a constitutionally significant claim. See Wilson v. McKeller, 254 F. App' x 960, 961 (4th Cir. 2007) (per curiam) ("mere threats or verbal abuse, without more, do not state a cognizable claim under § 1983." ); Carter v. Morris, 164 F.3d 215, 219 n.3 (4th Cir. 1999). Accordingly, plaintiff's claims alleging verbal abuse are DISMISSED.

7. Disciplinary Convictions

Plaintiff refers to disciplinary convictions but does not appear to seek relief related to these allegations. Even if he did, his brief reference to these convictions are insufficient to support a

7

procedural due process claim. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Furthermore, to the extent plaintiff seeks to allege additional claims against different defendants based on separate occurrences, such claims must be brought in a separate lawsuit after plaintiff has properly exhausted administrative remedies. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . to ensure that prisoners pay the required filing fees . . . ."). Accordingly, any potential claim related to plaintiff's disciplinary convictions is DISMISSED without prejudice.

B.   Motion for Preliminary Injunction

A movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Here, although plaintiff's claims survived the low bar of frivolity review, he has not demonstrated that he likely is to succeed on the merits. Nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Further, the public interest is best served if courts do not get involved with the daily operations of a prison or sheriff's office, especially prior to the finding of a constitutional violation. See Florence v. Board of Chosen Freeholders of County of Burlington, 566 U.S. 318, 328 (2012). Accordingly, plaintiff has not demonstrated that his request for a temporary restraining order or preliminary injunction is in the public interest, and the balance of equities is in favor of defendants. Thus, plaintiff's motion for injunctive relief (DE 8) is DENIED.

8

**CONCLUSION**

For the reasons stated above:

(1) Plaintiff may proceed with his Eighth Amendment, Retaliation, ADA, and Bumgarner claims. The clerk of court is DIRECTED to proceed in accordance with standing order 14-SO-02 which governs service of process in state prisoner civil rights cases. In the event it becomes necessary, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d). The clerk of court is further DIRECTED to proceed in accordance with standing order 17-SO-03 governing appointment of North Carolina Prisoner Legal Services, Inc. to assist in discovery;

(2) Plaintiff's state medical malpractice claim is DISMISSED without prejudice;

(3) Plaintiff's Eighth Amendment claim relating to verbal abuse is DISMISSED;

(4) Any potential claims related to plaintiff's disciplinary convictions are DISMISSED without prejudice; and

(5) Plaintiff's motion for a preliminary injunction (DE 8) is DENIED,

SO ORDERED, this the 5th day of March, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge